# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Cathy J. Swicegood, Petitioner,

v.

Polly A. Thompson, Respondent.

State Ex Rel Alan Wilson, Attorney General, Intervenor.

Appellate Case No. 2020-001351

ON WRIT OF CERTIORARI TO THE COURT OF
APPEALS

Appeal From Greenville County
The Honorable W. Marsh Robertson, Family Court Judge

Opinion No. 28067
Submitted October 27, 2021 – Filed November 10, 2021

**VACATED IN PART AND AFFIRMED IN RESULT**

John G. Reckenbeil, of Law Office of John G.
Reckenbeil, L.L.C., of Mauldin; and J. Falkner Wilkes,
of Greenville, for Petitioner.

Margaret A. Chamberlain, of Chamberlain Law Firm,
LLC, of Greenville; and Melissa Hope Moore, of
Fountain Inn, for Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the decision of the
court of appeals in *Swicegood v. Thompson*, 431 S.C. 130, 847 S.E.2d 104 (Ct.

App. 2020). We grant the petition, dispense with further briefing, vacate the decision in part, and affirm the decision in result.

The court of appeals based its decision that the parties did not establish a common law marriage on its findings that: (1) section 20-1-15 of the South Carolina Code (2014), which prohibited same-sex marriage, operated as an impediment to the formation of a common law marriage between same sex couples; and (2) Petitioner and Respondent lacked the requisite intent and mutual agreement to enter a legally binding common law marriage as a matter of law.

In *Obergefell v. Hodges*, 576 U.S. 644, 675–76 (2015), the Supreme Court held "same sex couples may exercise the fundamental right to marry," and all state laws challenged in that case were "invalid to the extent they exclude same sex couples from civil marriage on the same terms and conditions as opposite sex couples." Although recognizing that *Obergefell* must be applied retroactively, the court of appeals held section 20-1-15 constituted "a pre-existing, separate, independent rule of state law, having nothing to do with retroactivity," which formed an "independent legal basis" for the finding that Petitioner and Respondent did not establish a common law marriage. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 756 (1995).

Our state's restriction on same sex marriage in section 20-1-15 was rendered *void ab initio* by *Obergefell* and, therefore, must be treated as though it never existed. *See Norton v. Shelby Cnty.*, 118 U.S. 425, 442 (1886) ("An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; . . . it is, in legal contemplation, as inoperative as though it had never been passed."); *Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 399, 596 S.E.2d 42, 47 (2004) ("Generally, 'when a statute is adjudged to be unconstitutional, it is as if it had never been.'" (quoting *Atkinson v. S. Express Co.*, 94 S.C. 444, 453, 78 S.E. 516, 519 (1913))). Accordingly, the statute cannot serve as an impediment to the recognition of a same sex marriage predating *Obergefell*. Because the court of appeals erred in holding the statute constituted an impediment, we vacate that portion of the court of appeals opinion, but affirm the ultimate result reached by the court of appeals that no common law marriage was established.

**VACATED IN PART AND AFFIRMED IN RESULT.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**